**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

COLLINS FINANCIAL CONSULTING, LLC

    Plaintiff,

v.                                                                                              Case no: 1:16-cv-2099

SERBININ LAW FIRM, LLC, and
ALEXANDER TIMOFEEV,

    Defendants.

_____

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    Plaintiff Collins Financial Consulting, LLC, by counsel, sues Defendants Serbinin Law Firm, LLC and Alexander Timofeev, and in support states:

JURISDICTIONAL ALLEGATIONS

    1.    The Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

    2.    Plaintiff Collins Financial Consulting, LLC is a member-managed Colorado Limited Liability Company that has two members: Attila Kovács, a citizen of Hungary, and Konstantin Kharin, a citizen of Russia. Neither Mr. Kovács nor Mr. Kharin are lawfully admitted for permanent residence in the United States and/or domiciled in Colorado.

    3.    Defendant Serbinin Law Firm LLC is a Colorado professional limited liability company, having Igor Serbinin as its sole member.  Mr. Serbinin is a citizen of Colorado for jurisdictional purposes.

    4.    Defendant Alexander Timofeev, upon good faith belief, is a citizen of Colorado for jurisdictional purposes.

    5.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in this Court is authorized by 28 U.S.C. § 1391, in that each Defendant resides in this judicial district.

## INTRODUCTORY BACKGROUND

7. Plaintiff functions as a holding company and does not actively transact business in the state. About March 18, 2005, Plaintiff Collins Financial Consulting, LLC became the owner of circa 18.6% interest, represented by 381,780 shares certificates, in "Reagenty Vodokanala", a chemical plant physically located in Sverdlovsk, Russia (hereinafter the "chemical plant"). The value of Plaintiff's interest in the chemical plant and the value of business done by the plant on the entire territory of Russian Federation is worth millions of dollars.

8. On 5/17/2016, in the Arbitration Court of Sverdlovsk Region, in Russia, case # A60-23030/2016, Collins Financial Consulting, LLC sued certain individuals and entities for rescission of a sale of shares in the chemical plant, that purportedly occurred in May 2014, based on illegality in execution among other grounds, and requested restoration of the corporate control by Collins Financial Consulting, LLC over the chemical plant (hereinafter the "Russian proceeding"[1]).

9. On 5/25/2016, the judge in the Russian proceeding issued a preliminary injunction, directing respondents not to transfer shares certificates, not to vote at any meeting based on purported ownership of the shares certificates until the final adjudication on the merits.

10. About the same time, one or more of the respondents in the Russian proceeding, hired, or caused the hiring of, Defendant Serbinin Law Firm, LLC and of Defendant Alexander Timofeev, to file documents with the Colorado Secretary of State purporting a change in the

---

[1] As a reference only and not for purposes of Federal Rule 8 pleading, a direct link to the docket of the Russian proceeding is found at http://kad.arbitr.ru/Card/276cfba1-26d3-493c-9a2f-47532e612a76 .

ownership of Collins Financial Consulting, LLC. These unlawful changes effectuated by the Defendants as reflected in two filings dated 7/19/2016 and attached hereto are subject of the instant suit.

## GENERAL ALLEGATIONS

11. On 6/7/2016, Plaintiff's registered agent issued a Certificate of Incumbency, attesting that, based on the internal records of the Collins Financial Consulting, LLC, Attila Kovács is listed as the sole Manager of the Plaintiff, with all necessary powers to act on Plaintiff's behalf. *See* Exhibit A.

12. On 7/19/2016, Defendants, without permission from Plaintiff's members and without permission from Plaintiff's manager, electronically filed with the Colorado Secretary of State a "Statement of Change", placing Serbinin Law Firm LLC as the Registered Agent as reflected in document number 20161482293, and also filed another "Statement of Change", changing Plaintiff's principal office to Serbinin Law Firm's office address as reflected in document number 20161482257. *See* Composite Exhibit B.

13. The documents filed by the Defendants in Colorado, *see* Composite Exhibit B, were subsequently filed in the Russian proceeding, effectively setting in motion an international fraud scheme, specifically:

(a) on 8/1/2016, respondents in the Russian proceedings – that were sued by Collins Financial Consulting, LLC – filed a "Plea of Withdrawal of Claims" signed by Defendant Alexander Timofeev on behalf of Collins Financial Consulting, LLC and dated 7/18/2016 – all falsely purporting that Collins Financial Consulting, LLC withdraws its complaint and drops the lawsuit in entirety. *See* Exhibit C; and

(b) Defendant Alexander Timofeev falsely purported to be and act as the

"Director and Secretary of Collins Financial LLC". *See* Exhibit C notary acknowledgment portion.

14. Furthermore, on 7/18/16 Defendant Alexander Timofeev executed a "Notice Revoking the Powers of Attorney Granted by Collins Financial Consulting LLC" – falsely signing as Plaintiff's "Director and Secretary" – that purported to revoke powers of legal representation previously given by Plaintiff to its lawyers for purposes of legal representation in the Russian proceeding.[2] *See* Exhibit D. Defendant Timofeev caused the document to be submitted to the Russian judge for consideration, thereby attempting to divest Plaintiff of legal representation in the Russian proceeding.

15. Plaintiff hired the undersigned firm and obligated itself to pay reasonable attorney's fees for prosecution of this action against Defendants. Plaintiff is entitled to an award of attorney's fees for prosecuting this case, since the instant litigation is a natural and probable consequence Defendants' wrongful acts complained herein.

COUNT I DECLARATORY JUDGMENT

16. Plaintiff incorporates allegations in paragraphs 1 through 15, in entirety.

17. This count is brought pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

18. An actual controversy exists between Plaintiff and Defendants regarding the illegitimacy of Defendants' filings as reflected on Composite Exhibit B, since:

(a) neither the Plaintiff, nor its two members, nor Plaintiff's manager, ever appointed Defendant Serbinin Law Firm, LLC to act as registered agent, as reflected in filing #

---

[2] Under Federal Law "On Legal Practice and the Bar in the Russian Federation", Chapter 2, Article 6, a lawyer represents a client in a judicial proceeding only pursuant to a power of attorney.

20161482293;

    (b) neither the Plaintiff, nor its two members, nor Plaintiff's manager, ever permitted Defendant Alexander Timofeev to change Plaintiff's principal office address as reflected in filing # 20161482257; and

    (c) neither the Plaintiff, nor its two members, nor Plaintiff's manager, ever permitted Defendant Alexander Timofeev to hold himself out as Director and/or Secretary of Collins Financial Consulting, LLC.

  19. Plaintiff and Defendants have adverse legal interests, over a controversy that is real and substantial, dealing with Plaintiff's own corporate / entity control, as well as control over Plaintiff's shares certificates valued in millions of dollars.

COUNT II INJUNCTION

  20. Plaintiff incorporates allegations in paragraphs 1 through 15, in entirety.

  21. Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law, should Defendants, or their agents, be allowed to file unauthorized documents with the Colorado Secretary of State purporting change in ownership in Collins Financial Consulting, LLC.

  22. There is a substantial likelihood of Plaintiff prevailing on the merits, since the filings shown on Composite Exhibit B are rogue and unauthorized, and the parties who created the filings had no authority to do so.

  23. Irreparable harm to Plaintiff will result unless the injunction is issued, since the filings of unauthorized and/or unconsented-to statements with the Colorado Secretary of State relative to Plaintiff may deprive Plaintiff of its *de jure* control, and also deprive Plaintiff of the control over its shares in the chemical plant.

24. The threatened injury to Plaintiff of losing its control and its assets outweighs the harm that the injunction may cause to Defendants.

25. The injunction, if issued, will not adversely affect the public interest, since it would promote orderly administration of justice and discourage use of rogue filings with the Colorado Secretary of State for fraudulent and deceitful purposes.

**WHEREFORE**, Plaintiff Collins Financial Consulting, LLC respectfully requests the Honorable Court to:

(a) declare the filings with the Colorado Secretary of State ## 20161482293 and 20161482257 invalid, null and void and without any legal effect;

(b) permanently enjoin Defendant Serbinin Law Firm, LLC and Defendant Alexander Timofeev, and any person acting on their behalf, from filing any statements with the Colorado Secretary of State effecting changes in Collins Financial Consulting, LLC without first obtaining the express, written permission from this Court;

(c) award Plaintiff attorney's fees and costs; and

(d) grant all such other relief that is just under the circumstances.

Respectfully submitted on August 18, 2016,

By:  */s/ Sergiu Gherman*
Sergiu Gherman, Esq.
FBN: 037031

GHERMAN LEGAL PLLC
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131-1603
Tel / Fax (305) 459-1551
sgherman@ghermanlaw.com
*Attorney for Plaintiff*