## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02099-STV

COLLINS FINANCIAL CONSULTING, LLC,

     Plaintiff,

v.

SERBININ LAW FIRM, LLC, and
ALEXANDER TIMOFEEV,

     Defendants.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

     This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to Join a Necessary and Indispensable Party, or Alternatively to Stay Proceedings (the "Motion") [#24].  The Motion is before the Court on the Parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment [#25, 27].  This Court has carefully considered the Motion and related briefing, the case file, the applicable case law, and the arguments of counsel at the December 13, 2016 motions hearing.  For the following reasons, the Court **DENIES** the Motion.

## I.    BACKGROUND

     According to the Amended Complaint, Collins Financial Consulting, LLC ("Collins Financial") is a member-managed Colorado Limited Liability Company with two members: Attila Kovács, a citizen of Hungary, and Konstantin Kharin, a citizen of

Russia.  [#20, ¶ 2].   Defendant Serbinin Law Firm, LLC is a Colorado professional limited liability company with one member: Igor Serbinin, a citizen of Colorado.  [*Id.* at ¶ 3].  Defendant Alexander Timofeev is a citizen of Colorado.  [*Id.* at ¶ 4][1]

Collins Financial is a holding company and does not actively transact business in the state.  [#20 at ¶ 7].  About March 18, 2005, Collins Financial became the owner of an 18.6 percent interest in J.S.C. Reagenty Vodokanala, a chemical plant located in the city of Yekaterinburg, Sverdlovsk Region, Russian Federation.  [*Id.*].  This interest is worth approximately one million dollars.  [*Id.*].

On May 17, 2016, Collins Financial brought suit in the Arbitration Court of Sverdlovsk Region, City of Yekaterinburg, Russia, for rescission of a sale of shares in the chemical plant (the "Russian Arbitration").  [*Id.* at ¶ 8].  A defendant in the Russian Arbitration, Olga Bogomazov, is a citizen of Russia.  [#24, p. 6].  Ms. Bogomazov maintains that she is a member of Collins Financial, a fact Plaintiff disputes.  [#20, ¶ 2; #24, p. 3].

On July 7, 2016, Ms. Bogomazov, purporting to act on Collins Financial's behalf, appointed Defendant Timofeev as Collins Financial's Director and Corporate Secretary, giving him authority to file documents with the Colorado Secretary of State.  [#24-1, p. 7].  In addition, Ms. Bogomazov, again purporting to act on Collins Financial's behalf, appointed Defendant Serbinin Law Firm to be Collins Financial's registered agent, and relocated Collins Financial's corporate office to Serbinin Law Firm's business address.  [*Id.* at p. 8].

---

[1] Both Mr. Serbinin and Mr. Timofeev have dual citizenship and are citizens of both the United States and Russia.  [#24, p. 6 n.2].

According to the Amended Complaint, after these appointments, the Defendants undertook a series of events designed to steal Collins Financial's corporate identity. [#20, ¶¶ 11-12]. First, on July 18, 2016, Defendants used a forged Collins Financial seal to, amongst other things, purport to withdraw Collins Financial's claims in the Russian Arbitration and revoke Collins Financial's attorneys' representation in that arbitration. [*Id.* at ¶ 13]. Second, on July 19, 2016, Defendants filed documents with the Colorado Secretary of State placing Defendant Serbinin Law Firm as Collins Financial's registered agent and naming the firm's address as Collins Financial's office address. [*Id.* at ¶ 14]. Defendants then took the documents that they filed with the Colorado Secretary of State and filed those documents in the Russian Arbitration. [*Id.* at ¶ 15].

The Amended Complaint brings Colorado state law claims for civil theft (Count 1), civil conspiracy (Count 2), violation of the Colorado Organized Crime Control Act ("COCCA") (Count 3), and declaratory judgment (Count 4). [#20]. Jurisdiction is premised upon 28 U.S.C. § 1332, diversity of citizenship. [*Id.* at ¶ 1].

On October 11, 2016, Defendants filed the instant Motion. [#24]. Plaintiff responded on October 31, 2016 [#28], and Defendants filed their reply on November 7, 2016 [#33]. The Court heard oral argument on December 13, 2016 [#36].

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure. In order to dismiss a case pursuant to Rule 12(b)(7), the Court must find that: (1) the party is a required person under Rule 19(a), (2) joinder of the party is infeasible under

Rule 19(b), and (3) dismissal is appropriate based on "equity and good conscience." Fed. R. Civ. P. 19(b); s*ee also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Intrawest ULC*, No. 13-CV-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014); *Entek GRB, LLC v. Stull Ranches, LLC*, No. 11-cv-01557, 2013 WL 1283811, at *1 (D. Colo. Mar. 27, 2013). "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier,* 17 F.3d 1292, 1293 (10th Cir.1994); *see also* 5C Charles Alan Wright et al., *Federal Practice & Procedure,* § 1359 (3d ed. 2003) ("In reviewing a Rule 12(b)(7) motion, a court must accept all factual allegations in the complaint as true"). The moving party may satisfy this burden "by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Collier,* 17 F.3d at 1293 (internal quotation omitted). "A Rule 12(b)(7) motion will not be granted on the vague possibility that persons who are not parties may have an interest in the action." *Nat'l Union,* 2014 WL 1016072, at *2 (internal quotation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not

rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.   ANALYSIS

Defendants move to dismiss the Amended Complaint for lack of diversity jurisdiction. [*#24,* pp. 5-10]. Alternatively, Defendants argue that the Amended Complaint fails to state a claim with respect to the civil theft and civil conspiracy counts. [*Id.* at pp. 10-12]. Finally, in the event that the Court does not dismiss the Amended Complaint, Defendants ask the Court to stay these proceedings pending the outcome in the Russian Arbitration. [*Id.* at 12-15]. The Court addresses each of these arguments in turn.

## A. Subject Matter Jurisdiction

Jurisdiction is premised upon 28 U.S.C. § 1332, diversity of citizenship. [#20, ¶ 1]. Three issues arise with respect to the Court's subject matter jurisdiction. First, Defendants raise the possibility that, because both Mr. Serbinin, as the sole member of Defendant Serbinin Law Firm, and Defendant Timofeev have dual citizenship with the United States and Russia, complete diversity may not exist. [#24, p. 6 n.2]. Second, Defendants argue that Ms. Bogomazov must be joined to the lawsuit and, once joined, complete diversity does not exist. [*Id.* at 8-10]. Finally, Defendants raise the possibility that the amount in controversy may not exceed $75,000. [*Id.* at 10].

### 1. Complete Diversity of Current Parties

"[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). "Where aliens from foreign states are on both sides of the case, the requirement of complete diversity is lacking." *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1234 (D. Colo. 2009). A limited liability company is a citizen of the states or countries of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *See, e.g., Hale v. Mastersoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); *Grynberg v. Tellus Operating Co.*, No. 14-cv-2535-WJM-KMT, 2015 WL 2024271, at *4 (D. Colo. Apr. 30, 2015).

Pursuant to the rule that a limited liability company is a citizen of the countries of which its members are citizens, based upon the allegations in the complaint, Plaintiff is

a citizen of Russia and Hungary.  [#20, ¶ 2].  Mr. Serbinin, as sole member of Serbinin Law Firm, and Mr. Timofeev are both citizens of Colorado.  [*Id.* at ¶¶ 3-4].  But, they maintain dual citizenship with Russia.  [#24, p. 6 n.2].  The question, therefore, is whether these dual citizenships render Defendants citizens of Russia, thereby destroying complete diversity.

While the Tenth Circuit has not decided the issue, "a large number of courts hold as to individuals who have dual citizenship that it is only the American citizenship that counts, so long as the person is domiciled here."  *Oteng*, 615 F. Supp. 2d at 1235 (collecting cases).  This Court adopts this rule.  Thus, because Mr. Serbinin, as sole member of Defendant Serbinin Law Firm, and Mr. Timofeev are both citizens of Colorado domiciled in Colorado, the Court finds that they are only citizens of Colorado for diversity purposes.  Accordingly, as the case is currently styled, complete diversity exists.

### 2.  Ms. Bogomazov as a Required Party

Defendants argue that Ms. Bogomazov is a required party and must be joined as a defendant in this lawsuit.  Ms. Bogomazov is a citizen of Russia.  [#24-2, p. 8]  As a result, if Ms. Bogomazov were added as a defendant in this lawsuit, complete diversity would not exist and the Court would be divested of jurisdiction.

As indicated above, Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure.  Pursuant to Federal Rule of Civil Procedure 19(a), a party is a required party if:

> (A) In that person's absence, the court cannot accord complete relief among existing parties; or

(B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may;

    i.   as a practical matter impair or impede the person's ability to protect the interest; or

    ii.   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants argue that the "Court could not possibly afford complete relief among the parties in [Ms. Bogomazov's] absence as her authority to cause documents to be filed is directly at issue." [#24, pp. 8-9]. Defendants fail to explain, however, why the fact that Ms. Bogomazov's authority may be relevant to the lawsuit prohibits the Court from being able to afford complete relief among the parties in her absence.

Defendants further argue that Ms. Bogomazov claims an interest in the lawsuit and that disposing of the action without her would impair or impede her ability to protect that interest. [*Id.* at p. 9]. Once again, however, Defendants fail to provide any support for this assertion. Although Defendants argue that "[d]isposing of this case must, out of sheer necessity, require a determination of [Ms.] Bogomazov's ownership interest or authority over [Collins Financial]" [#33, p. 3], Defendants have failed to explain how such a result would have any precedential impact upon Ms. Bogomazov or how this lawsuit could impair her interest, if any, in Collins Financial. Nor can the Court discern any such impact or impairment.

Defendants' reliance on *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1279 (10th Cir. 2012) is unpersuasive. In *Harnsberger*, "the sole issue raised" by the lawsuit was whether certain land in the State of Wyoming was "Indian country" and thus not

subject to state governance and taxation. *Id.* at 1276-77.  The Tenth Circuit affirmed a finding that the Eastern Shoshone Tribe was a required party under Rule 19(a), because "whether a particular tract of land is or is not Indian country has significant implications for the governance of that land and the events occurring upon it" and such a finding would have required the Eastern Shoshone to "assume greater jurisdiction over it." *Id.* at 1279.  Here, Defendants have failed to offer any affirmative obligations Ms. Bogomazov would acquire or any rights she would forfeit as a result of the Court's resolution of Plaintiff's claims.

Instead, Defendants primarily argue that Ms. Bogomazov must be indispensable because the Defendants were merely acting as agents for Ms. Bogomazov.  [#24, pp. 6-7].  Defendants fail, however, to cite any cases for this proposition.  Indeed, contrary to Defendants' argument, "[c]ourts have consistently concluded that 'Rule 19 does not require joinder of principal and agent.'"  *Dennis v. Wachovia Sec., LLC*, 429 F.Supp.2d 281, 290 (D. Mass. 2006) (quoting *Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639, 640 (M.D. La. 1988)); *see also Milligan v. Anderson,* 522 F.2d 1202, 1205 (10th Cir. 1975) (citing *Cass v. Sonnenblick-Goldman Corp.*, 287 F. Supp. 815, 818 (E.D. Pa. 1968) for the proposition that "even though a principal and his agent are both involved in allegedly wrongful acts, they both are not necessarily indispensable parties to an action arising out of those acts").

This is especially true in this case where the Amended Complaint alleges that the Defendants were independent tortfeasors.  Specifically, the Amended Complaint alleges that the Defendants conspired to steal Plaintiff's identity, conspired to forge a Collins Financial seal, conspired to create forged documents using that forged seal, and

conspired to file those forged documents with the Colorado Secretary of State and the Russian Arbitration. [#20, ¶ 11]. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); *see also Yates v. Portofino Equity & Mgmt. Co.*, No. 08-cv-00324-PAB-MJW, 2009 WL 416441, at *2 (D. Colo. Feb. 19, 2009) ("A long line of precedent holds that joint tortfeasors are not indispensable under Rule 19—a plaintiff may generally choose whether to sue all joint tortfeasors collectively or pursue claims against any one of them."). The fact that Colorado has abolished the doctrine of joint and several liability for torts except in certain limited circumstances does not change this analysis. *See Yates*, 2009 WL 416441, at *3 ("[E]ven assuming Colorado's system of comparative fault applies in this case, I discern no reason to stray from the general rule that joint tortfeasors are permissive parties and need not be joined in one action under Rule 19. . . . Additionally, a corporation and its agents may both be liable for concurrent torts."). Accordingly, the Court finds that Ms. Bogomazov is not a required party and complete diversity exists.[2]

### 3.  Amount in Controversy

For the Court to have subject matter jurisdiction based upon diversity of the parties, the "matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). In cases initiated in federal court, to determine whether the amount in controversy exceeds $75,000, the Court must look at the complaint and determine whether it contains factual allegations sufficient to establish the required amount in controversy. *See Baker v. Sears Holdings Corp.*, 557

---

[2] Because the Court finds that Ms. Bogomazov is not a required party, the Court need not address the remaining two requirements for compulsory joinder.

F. Supp.2d 1208, 1211 (D. Colo. 2007).   In such cases, the amount claimed by the plaintiff is presumed to be sufficient to support diversity jurisdiction.   *See id.* at 1212.

Here, Defendants assert that "it is impossible to fathom" that re-filing of the documents with the Colorado Secretary of State caused more than $75,000 in damages.  This statement, however, unduly restricts the nature of the allegations in this case.  The Amended Complaint alleges that Defendants improperly had the Russian Arbitration dismissed.  [#20, ¶¶ 11, 19 & 30(f)(i)].  The Russian Arbitration involved a dispute over the divestiture of Plaintiff's interest in the chemical plant, purportedly worth approximately one million dollars.  [*Id.* at ¶¶ 7-8].  Thus, if the Amended Complaint's allegations are true, Defendants' actions could have resulted in losses nearing one million dollars.  As a result, the amount in controversy requirement has been met.[3] Accordingly, because complete diversity exists and the amount in controversy exceeds $75,000, the Court **DENIES** the Motion to Dismiss for lack of subject matter jurisdiction.

### B.  Failure to State a Claim

Defendants move to dismiss Counts One and Two for failure to state a claim. Specifically, Defendants argue that the Amended Complaint fails to allege that the Defendants themselves took any property from Plaintiff, as required for the civil theft claim.  [#24, p. 10-11].  Similarly, Defendants argue that because the Amended Complaint fails to assert that Defendants have taken any property from the Plaintiff, the civil conspiracy claim also fails.  [*Id.* at 12].

---

[3] Moreover, Plaintiff's COCCA claim has the potential for treble damages.  *See* Colo. Rev. Stat. § 18-17-106(7).

### 1.  Civil Theft

Colorado Revised Statutes section 18-4-405 provides a civil cause of action for victims of theft.  *See Itin v. Ungar*, 17 P.3d 129, 133-34 (Colo. 2000).  To state a claim for civil theft, Plaintiff must allege that: (1) Defendants knowingly obtained control over its property without authorization, and (2) Defendants did so with the specific intent to permanently deprive Plaintiff of the benefit of the property.  *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009).  Here, the Amended Complaint alleges that Defendants took over control of Collins Financial itself.  [#20, ¶¶ 11 & 13]  Further, the Amended Complaint alleges that Defendants filed fraudulent paperwork in the Russian Arbitration, causing the Russian Arbitration to be dismissed.  [*Id.* at ¶¶ 11, 13 & 30(f)(1)].  Through the Russian Arbitration, Collins Financial was attempting to reacquire its primary asset, an asset which Plaintiff alleges was wrongfully diverted from Collins Financial.  Such allegations adequately assert a civil theft cause of action.

Defendants assert that "[t]here are absolutely no allegations that the named Defendants ever created or filed any documents suggesting that *they* (individually) purported to own any interest in [Collins Financial] (and therefore they have not undertaken any action to exercise control over the Company's interest in the Russian chemical plant)."  [#24, p. 10] (emphasis in original).  But, the Amended Complaint adequately alleges that Defendants obtained control over Collins Financial without authorization.  Specifically, the Amended Complaint alleges that Defendants: (1) placed Defendant Timofeev in the position of Manager/Director of Collins Financial, (2) placed Defendant Serbinin Law Firm as the Registered Agent, and (3) terminated the Russian Arbitration which involved Plaintiff's attempt to reacquire its primary asset.  Such

allegations adequately satisfy the requirement that Defendants knowingly obtained control over Collins Financial's property without authorization.

The fact that Defendants may have been acting on another's behalf does not change the analysis. Colorado's civil theft statute derives from the criminal theft statute. *See generally Itin*, 17 P.3d at 133-34. Interpreting the criminal statute, the Colorado Court of Appeals has held that "it is not necessary that a defendant maintain absolute control over the stolen property for his or her own personal use." *People v. Witek*, 97 P.3d 240, 244 (Colo. App. 2004). This only makes sense; a mother who steals a car for her son is no less guilty of theft than one who steals the car for her own use. Thus, the fact that Ms. Bogomazov may have been the ultimate beneficiary of Defendants' alleged actions does not invalidate the civil theft claim. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss the civil theft claim.

### 2. Civil Conspiracy

There are five elements for a civil conspiracy claim in Colorado. *See Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989). To establish a civil conspiracy in Colorado:

> There must be (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.

*Id.* (internal quotation omitted). Defendants' Motion does not challenge the first three elements. As demonstrated above, the Amended Complaint has adequately alleged a claim for civil theft, the unlawful act of the conspiracy claim.[4] Thus, the only remaining

---

[4] Defendants' argument in support of dismissing the civil conspiracy claim is not entirely clear. At times, it appears that Defendants are only arguing that the civil conspiracy

question is whether the Amended Complaint adequately alleges damages as the proximate result of the conspiracy.

On this point, Defendants argue that "nothing that the Defendants are alleged to have done changed anything about the ownership (or identity) of" Collins Financial. [#24, p. 12].  Contrary to Defendants' argument, the Amended Complaint alleges that Defendants conspired: (1) to place Mr. Timofeev as the company's Manager, (2) to place Mr. Serbinin as the company's registered agent, and (3) to forge documents to dismiss Plaintiff's claims in the Russian Arbitration.  [#20, ¶ 25].  The Amended Complaint sufficiently alleges damages as a result of these alleged actions of the conspiracy.  Specifically, the Amended Complaint alleges that the Russian Arbitration was dismissed as a result of Defendants' actions.  [#20, ¶¶ 11, 13, 15].  Accordingly, because the Amended Complaint adequately alleges all of the elements for a civil conspiracy claim, the Court **DENIES** the Motion to Dismiss the civil conspiracy claim.

### C. Motion to Stay

Finally, Defendants move the Court for a stay of all proceedings pending resolution of the Russian Arbitration.  [#24, pp. 13-14].  "Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction."  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Kozeny*, 115 F. Supp.2d 1243, 1246 (D. Colo. 2000).  This inherent power, however, must be balanced

---

claim is derivative of the civil theft claim and, to the extent the civil theft claim fails, so too does the civil conspiracy claim.  [#33, p. 11] ("If the Court determines that there has been no theft, as a matter of law, then there is nothing actionable for conspiracy which is a derivative claim.").  This argument fails, because the Court has found that the Amended Complaint states a cause of action for civil theft.  Because Defendants may be asserting that the Amended Complaint fails to allege damages, however, the Court will address that issue below.

against the federal courts' strict duty to exercise the jurisdiction conferred upon them by Congress. *Id.* As a result, federal courts have shown reluctance to decline jurisdiction. *See id.*

In determining whether to stay litigation in the event of parallel litigation in an international forum, courts have considered numerous factors. *See id.* at 1246-47. These include: 1) similarity of parties and issues involved in the foreign litigation; 2) judicial efficiency; 3) the adequacy of relief available in the alternative forum; 4) issues of fairness and convenience to the parties, counsel and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions. *Id.* at 1247. Weighing these factors, the Court concludes that a stay is not warranted.

First, the instant case involves different parties and, to some extent, different issues. Neither of the defendants is a party to the Russian Arbitration. While the Russian Arbitration may decide the rightful owner of Collins Financial, it will not decide whether Defendants committed civil theft, civil conspiracy or violations of COCCA. Thus, while a favorable ruling for Ms. Bogomazov in the Russian Arbitration could impact Plaintiff's claims in this litigation, an unfavorable ruling for her would not ultimately resolve the issues raised here.[5]

Second, judicial efficiency supports denying the request to stay the proceedings. Neither party has provided an anticipated time-frame for completion of the Russian Arbitration. As a result, at this point, any stay would be indefinite. Such a result runs contrary to the efficient administration of justice.

---

[5] The Court finds it unnecessary to resolve whether any decision regarding the ownership of Collins Financial in the Russian Arbitration would be binding on this Court.

Third, both the inadequacy of relief in the alternative forum and issues of fairness counsel against staying this matter.   Defendants are not parties to the Russian Arbitration and it is not clear that a Russian court could obtain jurisdiction over either of the defendants.   As a result, Plaintiff cannot obtain relief against Defendants in the Russian Arbitration, and delaying the instant litigation indefinitely would be unfair to Plaintiff.

The Court acknowledges the possibility of some prejudice to Defendants by allowing this case to proceed.   Defendants may face some prejudice by having to defend themselves in this action without the potential benefit of the Russian Arbitration's conclusion regarding Ms. Bogomazov's ownership of Collins Financial.     But, "defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs." *Breckenridge v. Vargo & Janson, P.C.*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016).   This factor does not outweigh those factors that support denying the stay.

While this case was brought after the Russian Arbitration, the Court finds that the timing of the litigation neither supports nor counsels against a stay of the proceedings. This is not a case where the instant matter was filed in retaliation for the filing of the Russian Arbitration or in an attempt to forum shop.   Rather, the Amended Complaint was filed, in part, based upon alleged fraudulent actions undertaken by Defendants in relation to the Russian Arbitration.   As a result, the timing of the litigation does not impact the Court's decision on the request to stay the proceedings.

As a final point, the Court notes that this case and the Russian Arbitration both involve disputes between private parties.   There is no indication that the Russian government has any interest in either of the cases, or that moving forward with this case will somehow impact international relations.   As a result, after weighing all of the factors set forth above, and mindful of the Court's duty to exercise jurisdiction conferred by Congress, the Court **DENIES** the request to stay the proceedings.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion.

DATED:  January 25, 2017                                 BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge